UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARVA FULLER, | ) |
|     Plaintiff, | ) No. 24-cv-6281 |
| v. | ) |
| Chicago Police Officers REYNOL CUELLAR DE LA CRUZ (#7661), and FRANK GRANAT (#7181), and the CITY OF CHICAGO, | ) |
|     Defendants. | ) Jury Demand |

## COMPLAINT

### JURISDICTION AND VENUE

1. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. § 1331 and 1343(a); and supplementary jurisdiction, as codified in 28 U.S.C. § 1367(a).

### PARTIES

2. Plaintiff Jarva Fuller is a 36-year-old Black man and a resident of the City of Chicago.

3. Defendant Chicago Police officers Reynol Cuellar De La Cruz and Frank Granat were, at all times relevant to this action, duly appointed and sworn police officers with the Chicago Police Department. They are sued in their individual capacities.

4. The City of Chicago was, at the time of this occurrence, the employer of Defendants Cuellar De La Cruz and Granat.

5. Defendants Cuellar De La Cruz and Granat, at all times relevant to this action, were acting under color of law, and were acting within the scope of their employment.

1

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois.

**FACTS**

7. On August 9, 2023, Plaintiff Jarva Fuller was standing on the sidewalk at 43rd and Michigan in Chicago, waiting for a ride.

8. Plaintiff was standing against an apartment building near an individual he was not conversing or engaging with.

9. While waiting for his ride, Defendants Cuellar De La Cruz and Granat, and Chicago Police Officer Maximo Mora quickly approached Plaintiff and the individual in an unmarked police car.

10. The officers drove the unmarked police car onto the grass with the front passenger door open before coming to a complete stop.

11. Defendants were not responding to a call, nor did they have a description of Plaintiff.

12. The individual standing by Plaintiff ran away upon Defendants' arrival.

13. Plaintiff stayed where he was, ready to speak with the officers.

14. Defendants did not observe Plaintiff violating any law, did not see him holding a firearm, and did not have a warrant to arrest Plaintiff.

15. Immediately upon exiting the unmarked squad car, Defendant Cuellar De La Cruz drew his handgun.

16. Defendant Cuellar De La Cruz and Granat began screaming at Plaintiff to come to them.

17. Officer Mora chased after the individual who ran.

18. Defendant Cuellar De La Cruz then pointed his gun at Plaintiff.

19. Defendants Cuellar De La Cruz and Granat approached Plaintiff.

20. Plaintiff asked Defendants Cuellar De La Cruz and Granat, "What'd I do?" and stated, "I didn't do anything."

21. Defendant Granat grabbed Plaintiff's right arm and Defendant Cuellar De La Cruz grabbed the front of Plaintiff's clothing.

22. Defendants Cuellar De La Cruz and Granat had no reasonable suspicion or probable cause to believe that Plaintiff had committed, was committing, or was going to commit any offense when they grabbed him.

23. Plaintiff continued to ask Defendants Cuellar De La Cruz and Granat to tell him what he was being detained for, but they refused to do so. Instead, they screamed at him to stop resisting.

24. Defendants Cuellar De La Cruz and Granat slammed Plaintiff against the wall of the apartment building.

25. The items Plaintiff was holding, a cup, a satchel bag, and a work vest, fell to the ground.

26. Defendants Cuellar De La Cruz and Granat then both tackled Plaintiff to the ground.

27. At this time, Defendants still had not told Plaintiff why they were arresting him while he was peacefully standing outside.

28. Plaintiff submitted to Defendants Cuellar De La Cruz and Granat while he was face down on the sidewalk with the officers on top of him.

29. Defendant Cuellar De La Cruz's legs were wrapped around Plaintiff's body while

Plaintiff's face was pressed on the ground and Defendant Granat was on top of Plaintiff with his knee on Plaintiff's back.

30. Defendants Cuellar De La Cruz and Granat repeatedly called Plaintiff a "motherfucker."

31. As Defendant Granat handcuffed Plaintiff, Defendant Cuellar De La Cruz, with his legs wrapped around Plaintiff, punched Plaintiff repeatedly in the head and face while Plaintiff was subdued and not resisting.

32. After handcuffing Plaintiff, Defendant Granat checked Plaintiff's bag and found a gun.

33. At no point in the altercation did Plaintiff attempt to reach into his bag nor did Defendant Granat or Defendant Cuellar De La Cruz know that a gun was in the bag.

34. After Plaintiff was handcuffed and still on the ground, Defendant Cuellar De La Cruz continued to wrap his legs around Plaintiff and choked Plaintiff with both hands.

35. Plaintiff pleaded with Defendants Cuellar De La Cruz and Granat, telling them, "I can't breathe."

36. Defendants then found a gun in Plaintiff's coat pocket, which they removed.

37. At no point in the altercation did Plaintiff reach for this gun.

38. Defendant Cuellar De La Cruz then screamed at Plaintiff multiple times to stop while Plaintiff told him, "I ain't doing nothing," and, "you have me handcuffed."

39. Defendant Cuellar De La Cruz then slapped Plaintiff in the face multiple times while Plaintiff was handcuffed and subdued.

40. While Plaintiff was handcuffed and subdued, Defendant Cuellar De La Cruz grabbed Plaintiff by his neck and dreadlocks with one hand, and as Plaintiff yelled, "I ain't doing

nothing," Defendant Cuellar De La Cruz proceeded to strike him with his other hand.

41. After this, Defendant Cuellar De La Cruz told Plaintiff, "You move and you're going to get hit."

42. Plaintiff told Defendant Cuellar De La Cruz, "I ain't moving. You're hitting me for nothing."

43. During the arrest, several other police vehicles and officers arrived on the scene.

44. Defendant Cuellar De La Cruz and another officer lifted Plaintiff off the ground and Defendant Cuellar De La Cruz shouted at Plaintiff, "Shut the fuck up."

45. Shortly thereafter, Defendant Cuellar De La Cruz placed Plaintiff in a police vehicle.

46. An ambulance was called to the scene and Plaintiff was taken to the hospital for medical treatment.

47. Throughout the incident, Defendant Granat was near Defendant Cuellar De La Cruz and witnessed Defendant Cuellar De La Cruz beat and choke Plaintiff.

48. Defendant Granat had the duty and opportunity to intervene to prevent Plaintiff from being injured yet failed to do so.

49. Defendants Cuellar De La Cruz and Granat arrested Plaintiff and initiated a criminal prosecution against him.

50. Plaintiff filed a motion to suppress and a motion to dismiss the criminal charges.

51. On January 5, 2024, Cook County Criminal Court Judge Carol Howard held a hearing on Plaintiff's motion to suppress and motion to dismiss.

52. At the conclusion of the hearing, Judge Howard granted Plaintiff's motion to suppress and stated, "This is the worst body camera video I have ever seen. The officers pulled

5

up and immediately ran toward the defendant. They threw him on the ground. They punched him. They choked him. The State has said several times that the video speaks for itself. The video shows an arrest that was not supported by probable cause. The officers tried to justify it by saying they had a reasonable articulable suspicion. But there is nothing in the record to support such a finding. The video shows the defendant standing next to a building and talking to another person who ran away. The officers ran up to the defendant and immediately took him to the ground, punched, choked. One officer had a gun drawn as he approached the defendant. Since there is nothing to suggest the officers were responding to a 911 call or had observed criminal activity on this defendant, their approach, their takedown is not supported by the law. I'm just amazed at the police conduct in this video. The defendant's motion to suppress evidence is granted."

53. The State's Attorney's Office subsequently dismissed all charges against Plaintiff.

54. As a direct and proximate result of Defendant's actions, as detailed above, Plaintiff suffered, *inter alia*, bodily injury, pain and suffering, mental distress, anguish and humiliation, loss of liberty, loss of income, and medical expenses.

## COUNT I – 42 U.S.C. § 1983
### Excessive Force

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

56. The actions of Defendants Cuellar De La Cruz and Granat in physically abusing Plaintiff violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures and caused the injuries set forth above.

57. As a direct and proximate result of the misconduct described in this Count, Plaintiff suffered physical and emotional injuries and damages as set forth above.

## Count II – 42 U.S.C. § 1983
### Failure to Intervene

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

59. Defendant Granat, acting individually, jointly, and/or in conspiracy, had the opportunity, duty and ability to intervene on behalf of Plaintiff during Defendant Cuellar De La Cruz's attack, but failed to do so.

60. As a direct and proximate result of the misconduct described in this Count, Plaintiff suffered physical and emotional injuries and damages as set forth above.

## Count III – State Law
### Battery

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

62. The actions of Defendants Cuellar De La Cruz and Granat constituted the tort of battery under Illinois state law.

63. As a direct and proximate result of the misconduct described in this Count, Plaintiff suffered physical and emotional injuries and damages as set forth above.

## Count IV – State Law
### Intentional Infliction of Emotional Distress

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

65. The actions of Defendants Cuellar De La Cruz and Granat in slamming, tackling, punching, choking, and otherwise physically abusing Plaintiff and falsely arresting him were extreme and outrageous.

66. Defendants Cuellar De La Cruz and Granat acted willfully and wantonly, intended to inflict severe emotional distress on Plaintiff, and/or knew that their conduct would cause Plaintiff severe emotional distress.

67. As a direct and proximate result of Defendant's outrageous conduct Plaintiff was

injured and experienced severe emotional distress.

## Count V
### Respondeat Superior against City of Chicago

68. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

69. Defendants Cuellar De La Cruz and Granat committed the acts alleged above in the scope of their employment with the City of Chicago.

70. Defendant City of Chicago is liable for the acts of Defendants which violated state law under the doctrine of *respondeat superior*.

## Count VI
### 745 ILCS 10/9-102 Claim Against Defendant City of Chicago

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

72. Defendant City of Chicago was the employer of Defendants Cuellar De La Cruz and Granat at all times relevant to this complaint.

73. Defendants Cuellar De La Cruz and Granat committed the acts alleged above under color of law and in the scope of their employment as an employee of the City of Chicago, and the City is liable for their actions pursuant to 745 ILCS 10/9-102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jarva Fuller, asks that this Court enter judgment in his favor and against Defendants City of Chicago and Chicago Police Department Officers Reynol Cuellar De La Cruz and Frank Granat, awarding compensatory damages, attorneys' fees, and costs against them, and, because they acted in a malicious and/or willful and wanton manner, punitive damages against each of the individual Defendants as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff Jarva Fuller demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: July 24, 2024                      Respectfully submitted,

/s/ Tayleece Paul
Tayleece Paul
Ben H. Elson
Hakeem Muhammad
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
Attorneys for Plaintiff